IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARWIN RIVERA,<br>    ID # 20013377,<br>        Plaintiff,<br>vs.<br><br>DALLAS COUNTY JAIL,<br>        Defendant. | )<br>)<br>)<br>) No. 3:20-CV-1229-K-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion to Petition for Redress of Grievance Under the 1st Amendment of the Constitution to Release or Give Better Conditions*, received May 7, 2020. (*See* doc. 3.) Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

Nineteen *pro se* prisoners, including the plaintiff in this case, jointly signed and filed a complaint against the Dallas County Jail that was received in this court on May 7, 2020. (*See* doc. 3.) Because they appeared to challenge the conditions of their confinement and to allege denial of access to the courts, their claims were liberally construed as a civil rights action under 42 U.S.C. § 1983. (*See* doc. 4.) By *Notice of Deficiency and Order* dated May 12, 2020, the plaintiffs were notified that they had not filed their original complaint on the appropriate form and either paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). The plaintiffs were also notified that "the impracticalities and inherent difficulties of allowing [multiple *pro se* prisoner plaintiffs] to proceed jointly necessitate a severance of each [p]laintiff's claims," and that each plaintiff who wished to proceed with this action would be required to file a separate complaint. The

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

order advised the plaintiffs that each one would also have to either pay the filing fee or submit a an IFP motion, and that any plaintiff who was granted leave to proceed IFP would still have to pay the filing fee, but he would be allowed to pay it in installments that would be automatically withdrawn from his inmate trust account. A separate civil rights case was opened for each plaintiff, and a copy of the *Notice of Deficiency and Order* was mailed to each plaintiff separately. Attached to the order were copies of the original complaint filed by the plaintiffs, a civil rights complaint form, and an IFP application. The order specifically advised each plaintiff that he must file his complaint on the proper form and either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. (*See id.*)

More than thirty days from the date of the order have passed, but the plaintiff in this case has not filed his complaint on the proper form and either paid the filing fee or filed an IFP application. Nor has he filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the May 12, 2020 order that he file his complaint on the proper form and pay the filing fee or submit an IFP application within thirty days, despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his complaint on the proper form and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 6th day of July, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE